# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED DAUD HOSAIN-BHUIYAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARR LABORATORIES, INC., TEVA ) <br> PHARMACEUTICALS USA, INC., TEVA ) <br> PHARMACEUTICAL INDUSTRIES, LTD., ) <br> and JAMES MIKALIC, ) <br> ) <br> Defendants. ) | Case No.: 7:17-cv-00114-VB |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Bradley L. Mitchell, Esq.
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500
blm@stevenslee.com

Larry J. Rappoport, Esq.
Brad M. Kushner, Esq.
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 575-0100
ljr@stevenslee.com
bmk@stevenslee.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

I. TEVA ISRAEL DID NOT WAIVE ITS RIGHT TO OBJECT TO THE UNLAWFUL EXERCISE OF PERSONAL JURISDICTION ............................................1

II. THE COMPLAINT WAS NOT SERVED UPON TEVA ISRAEL ........................................2

III. TEVA ISRAEL'S PATENT APPLICATIONS DO NOT ESTABLISH A BASIS FOR THIS COURT'S EXERCISE OF GENERAL JURISDICTION ................................4

IV. HOSAIN-BHUIYAN'S BRIEF DOES NOT AND CANNOT ESTABLISH A VIABLE STATUTORY CLAIM UNDER THE LABOR LAW .........................................7

V. THE COURT SHOULD REJECT HOSAIN-BHUIYAN'S BASELESS ARGUMENTS IN SUPPORT OF HIS SLANDER AND LIBEL CLAIMS ......................8

VI. CONCLUSION ...............................................................................................................10

SL1 1455667v1 030421.00666

# **TABLE OF AUTHORITIES**

**CASES**

*In re Aggrenox Antitrust Litigation*,
 94 F.Supp.3d 224, 257 (D. Conn. 2015) ................................................................................5

*Asahi Metal Industry Co., Ltd. v. Superior Court of California*,
 480 U.S. 102 (1987) ................................................................................................................6

*Beary v. West Publ'g Co.*,
 763 F.2d 66 (2d Cir. 1985) ......................................................................................................1

*Chao v. Mount Sinai Hosp.*,
 No. 10 CV 2869(HB), 2010 WL 5222118 (S.D.N.Y., Dec. 17, 2010) ....................................9

*Daimler AG v. Bauman*,
 134 S.Ct. 746 (2014) ...............................................................................................................4

*DiLacio v. New York City Dist. Council of United Broth. of Carpenters & Joiners
 of America*,
 80 A.D.3d 553914 N.Y.S.2d 309 (N.Y. Sup. Ct. App. Div. 2011) .....................................5, 9

*Eli Lilly and Company v. Mylan Pharmaceutials, Inc.*,
 96 F.Supp.3d 824, 831 (S.D.Ind. 2015) ..................................................................................5

*Enigma Software Grp. USA, LLVC v. Bleeping Comput. LLC*,
 194 F.Supp.3d 263 (S.D.N.Y. 2016) .......................................................................................8

*Etna Products Co., Inc. v. Dacofa Trading Co., Inc.*,
 No. 91 Civ. 6743 (DNE), 1992 WL 51507 (S.D.N.Y., March 11, 1992) ...............................6

*Fashion Page, Ltd. v. Zurich Ins. Co.*,
 50 N.Y.2d 265406 N.E.2d 747428 ........................................................................................3

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
 669 F.Supp.2d 405 (S.D.N.Y. 2009) .......................................................................................9

*Giar v. Centea, a Div. of KBC Bank, NV*,
 No. 02 Civ. 7916(LLS), 2003 WL 1900836 (S.D.N.Y., April 16, 2003) ...............................3

*Hochberg v. Nissen*,
 180 A.D.2d 435, 580 N.Y.S.2d 12 (N.Y. Sup. Ct. App. Div. 1992) .......................................9

*Kirkland v. City of Peekskill*,
 634 F.Supp. 950 (S.D.N.Y. 1986) ..........................................................................................9

*KMLLC Media, LLC v. Telemetry, Inc.*,
   No. 1:15-cv-432, 2015 WL 6506308 (E.D.Va., Oct. 27, 2015) ..............4

*Koehler v. Bank of Bermuda Ltd.*,
   101 F.3d 863 (2d Cir. 1996)..............7

*Lazaro v. Good Samaritan Hosp.*,
   54 F.Supp.2d 180 (S.D.N.Y. 1999) ..............7

*Lismont v. Alexander Binzel Corp.*,
   No. 2:12-cv-592, 2013 WL 6095461 (E.D.Va., Nov. 18, 2013) ..............4

*Nazzaro v. Balber*,
   No. 05 Civ. 2172 (CSH), 2005 WL 2290205 (S.D.N.Y., Sept. 16, 2005) ..............7

*Nevin v. Citibank, N.A.*,
   107 F.Supp.2d 333 (S.D.N.Y. 2000)..............9

*Orenstein v. Figel*,
   677 F.Supp.2d 706 (S.D.N.Y. 2009)..............9

*Phoenix-Dolezal v. Lili Ni*,
   No. 11 Civ. 3722(LAK(JLC), 2012 WL 121105 (S.D.N.Y., Jan. 17, 2012)..............1

*Radiancy, Inc. v. Viatek Consumer Products Group, Inc.*,
   138 F.Supp.3d 303, 314 (S.D.N.Y. 2014) ("New York Courts have
   consistently held that service of process on one corporation does not confer
   jurisdiction over another, even where one corporation may wholly own
   another, or where they may share the same principals.") ..............3

*Rojas v. Don King Productions, Inc.*,
   No. 11 Civ. 8468 (KBF), 2012 WL 760336 (S.D.N.Y., March 6, 2012) ..............8

*Thai v. Cayre Group, Ltd.*,
   726 F.Supp.2d 323 (S.D.N.Y. 2010)..............9

*Tongring v. Bronx Community College of City University of New York System*,
   No. 12 Civ. 6854(ALC)(FM), 2014 WL 463616 (S.D.N.Y., Feb. 4, 2014)..............9

*Wallert v. Atlan*,
   141 F.Supp.3d 258, 270, 2015 WL 6459219 (S.D.N.Y. Oct. 26, 2015)..............5

*Washington v. Garage Management Corp.*,
   No. 11 Civ. 3420(CM), 2012 WL 4336163 (S.D.N.Y., Sept. 20, 2012) ..............9

*Whitaker v. Am. Telecasting, Inc.*,
   261 F.3d 196 (2d Cir.2001)..............6

*Williams v. Metro North Railroad*,
   16 Civ. 1141 (LAK) (JCF), 2016 WL 4400307 (S.D.N.Y., Aug. 17, 2016)
   (Report and Recommendation, adopted at 2016 WL 5390904) ..................................9

*XL Specialty Ins. Co. v. Melexis GmbH*,
   No. 07-1018, 2007 WL 3026683 (D.N.J., Oct. 16, 2007) .........................................5

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 12(b)(2)..........................................................................................1, 10

Fed. R. Civ. P. 12(b)(6)......................................................................................8, 9, 10

Labor Law 191(3) ..........................................................................................................7

Labor Law § 191 .............................................................................................................7

Labor Law § 193 .............................................................................................................7

NY CPLR § 311(a)(1)......................................................................................................2

Defendants, Barr Laboratories, Inc., Teva Pharmaceuticals USA, Inc. (Teva USA), Teva Pharmaceutical Industries, Ltd. (Teva Israel) and James Mikalic (Mikalic), file this Reply Brief to further address the many factual and legal errors in Hosain-Bhuiyan's opposition to Defendants' Motion to Dismiss the Amended Complaint ("Plaintiff's Brief").

## I. TEVA ISRAEL DID NOT WAIVE ITS RIGHT TO OBJECT TO THE UNLAWFUL EXERCISE OF PERSONAL JURISDICTION.

In response to Hosain-Bhuiyan's original complaint, Defendants filed a motion to dismiss Teva Israel for lack of personal jurisdiction, and Defendants simultaneously filed an answer to those portions of the complaint that were not subject to the motion to dismiss. Hosain-Bhuiyan's argument now appears to be that the simultaneous filing of that motion under Fed. R. Civ. P. 12(b)(2) along with the answer waived Teva Israel's right to object to personal jurisdiction because Rule 12(b) states that a motion under the rule must be made "before" pleading. This hyper technical argument is wrong as a matter of law.[1] *See Beary v. West Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985) ("Although Fed. R. Civ. P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, and nothing in the rule prohibits the filing of a motion to dismiss with an answer . . . A plaintiff is not prejudiced by the filing of such motion [ ] simultaneously with an answer . . . and that very filing puts the plaintiff on notice that the defendant is not waiving its right to assert the motion."); *Phoenix-Dolezal v. Lili Ni*, No. 11 Civ. 3722(LAK(JLC), 2012 WL 121105, at *3 (S.D.N.Y., Jan. 17, 2012) ("[I]t is well-settled that should the defendant file a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus having been interposed in timely fashion.") (Report and Recommendation) (quotation omitted). Therefore, Teva Israel did not waive its right to object to the Court's exercise of personal jurisdiction.

---

[1] Hosain-Bhuiyan incorrectly states that Defendants filed an answer to his subsequently filed-Amended Complaint (Plaintiff's Brief at 7). A cursory review of the docket will show that this statement is false.

## II. THE COMPLAINT WAS NOT SERVED UPON TEVA ISRAEL.

Hosain-Bhuiyan submits an affidavit from owner and President of ALT Process Service Adrian DeCarlo (Ex. D to Plaintiff's Brief). Mr. DeCarlo does not purport to have personal knowledge regarding service of process in this case. Instead, he refers to an Affidavit of Service from someone named Chad Vail, who in turn states that he served Teva Israel by giving the summons, complaint and notice to Jennifer Fuller-Ricciardi on December 6, 2016.[2] Vail did not complete the Affidavit of Service until nearly a month later, on January 4, 2017.

Fuller-Ricciardi is employed by Teva USA, not Teva Israel, and she is not authorized, nor has she ever been authorized, to accept service on behalf of Teva Israel (Fuller-Ricciardi Aff. at ¶¶ 2-3). Nor did Fuller-Ricciardi indicate to Chad Vail that she was accepting service or could accept service on behalf of Teva Israel (Fuller-Ricciardi Aff. at ¶ 4).[3] Indeed, ***neither DeCarlo nor Vail contends that Fuller-Ricciardi represented that she was authorized to accept service on behalf of Teva Israel***.

It is undisputed that Teva Israel is an Israeli company with no employees or facilities in the United States, and it has not designated anyone to accept service of process on its behalf in the United States. *See* Affidavit of Doron Herman (Exhibit A to Defendants' Primary Brief) at ¶¶ 10-17. Although NY CPLR § 311(a)(1) states that personal service upon a corporation may be made by serving "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," it is

---

[2]  Contrary to Vail's statement, Vail served the papers upon Fuller-Ricciardi on December 7, 2016, not December 6. *See* Affidavit of Jennifer Fuller-Ricciardi, attached as Exhibit 1, at ¶ 5; Ex. A to Fuller-Ricciardi Aff.

[3]  DeCarlo also states that, on January 6, 2017 he "spoke" with someone he alternately refers to as "Marian" and "Miriam," who purportedly indicated that "service was good" for both Teva Israel and Teva USA (DeCarlo Aff. at ¶¶ 3-5). He also states that "Miriam confirmed that service was indeed good at 425 Privet Road, Horsham, PA for the Defendant," but he fails to identify the "defendant" to which he refers. In any event, even if the Court were to accept this vague hearsay testimony, it is irrelevant because he does not state that he, or anyone else, served process upon "Miriam" or Marian."

undisputed that Fuller-Ricciardi is and was not an officer, director, managing or general agent, or cashier or assistant cashier of Teva Israel, and there is no allegation or evidence to refute her testimony that she was not authorized to accept service on behalf of Teva Israel.

Hosain-Bhuiyan incorrectly assumes that, because Teva USA is a subsidiary of Teva Israel, service upon Teva Israel may be accomplished merely by serving Teva USA. That is incorrect as a matter of law. *See Radiancy, Inc. v. Viatek Consumer Products Group, Inc.*, 138 F.Supp.3d 303, 314 (S.D.N.Y. 2014) ("New York Courts have consistently held that service of process on one corporation does not confer jurisdiction over another, even where one corporation may wholly own another, or where they may share the same principals.") (quotation omitted); *Giar v. Centea, a Div. of KBC Bank, NV*, No. 02 Civ. 7916(LLS), 2003 WL 1900836, at *2 (S.D.N.Y., April 16, 2003) ("It is hornbook law that service of process on a subsidiary does not constitute service on a parent corporation, nor does service on a parent constitute service on a subsidiary.") (citing *In re Matter of Crespo*, 123 Misc.2d 862, 865, 475 N.Y.S.2d 319 (N.Y.Sup.Ct.1984).

In *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265 406 N.E.2d 747 428 N.Y.S.2d 890 (N.Y. Ct. App. 1980), the Court of Appeals described a situation almost identical to this case, holding: "Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient. Such service cannot be upheld even though the receptionist may later deliver the summons to the proper party." *Id*. at 894, 273. The same is true here, where Vail served a copy of the summons and complaint on a Teva USA employee and incorrectly and unreasonably assumed that doing so also constituted service upon Teva Israel.

3

### III. TEVA ISRAEL'S PATENT APPLICATIONS DO NOT ESTABLISH A BASIS FOR THIS COURT'S EXERCISE OF GENERAL JURISDICTION.

In support of his argument that the Court may exercise general jurisdiction over Teva Israel, Hosain-Bhuiyan identifies certain patent applications that Teva Israel made at the United States Patent and Trademark Office. Patent applications, standing alone, are insufficient to meet the stringent test for general jurisdiction. In *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), the Supreme Court held that even "continuous and systematic contacts" alone are insufficient to establish general jurisdiction, and a business may not be haled into court simply for "doing business" in a state. *Id*. at 761-62. Instead, the question is "whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it **essentially at home in the forum State**." *Id*. at 761 (internal quotation omitted) (emphasis added).

To the extent that filing a patent application can even be described as "doing business," it falls far short of the *Daimler* "essentially at home" standard. Indeed, even before *Daimler*, courts rejected patent applications as a basis for general jurisdiction. For example, in *Lismont v. Alexander Binzel Corp.*, No. 2:12-cv-592, 2013 WL 6095461 (E.D.Va., Nov. 18, 2013), the plaintiff argued that the defendant, a German company, was subject to the court's general jurisdiction because the defendant had applied for numerous United States patents at a federal agency's office within the district. *Id*. at 4. The court disagreed, holding: "Although the filing of a patent application is a purposeful contact because it is neither random nor fortuitous, it does not indicate a purposeful availment of the privilege of conducting business within Virginia." *Id*. at *5 (quotations and citations omitted). *See also KMLLC Media, LLC v. Telemetry, Inc.*, No. 1:15-cv-432, 2015 WL 6506308, at *5 (E.D.Va., Oct. 27, 2015) ("Plaintiff does not cite, and this Court cannot find, any legal support for the proposition that the filing of a patent application with

4

the U.S. Patent and Trademark Office . . . constitutes a proper basis for general jurisdiction."); *Eli Lilly and Company v. Mylan Pharmaceuticals, Inc.*, 96 F.Supp.3d 824, 831 (S.D. Ind. 2015) (holding that Indian defendant's filing of new drug application with FDA was not a sufficient basis upon which to base general jurisdiction by Indiana federal court); *In re Aggrenox Antitrust Litigation*, 94 F.Supp.3d 224, 257 (D. Conn. 2015) (holding that Teva Israel's SEC filings in the United States "do not rise to the very high 'essentially at home' standard for general jurisdiction").

There is another problem with Hosain-Bhuiyan's argument. He contends that Teva Israel's patent applications are "sufficient contacts within the United States to make it subject to U.S. jurisdiction at the federal level." (Plaintiff's Brief at 9). Even if that statement were legally correct (it is not), that would establish only that Teva Israel has contacts with *some forum* in the United States, not that it has contacts with *New York*. *See XL Specialty Ins. Co. v. Melexis GmbH*, No. 07-1018, 2007 WL 3026683, at *3 (D.N.J., Oct. 16, 2007) (rejecting argument that defendant's "applying for patents in the United States" was a sufficient basis upon which to exercise general jurisdiction because "[t]he plaintiff must show that the defendant maintains contacts with the *forum* state, not simply with the United States.) (emphasis in original).

Hosain-Bhuiyan urges the Court to assume that the patent applications may have resulted in business in the United States, and that "State of New York being one of the larger markets within the U.S., could [sic] very well generate revenue in the millions for the Defendant Teva Israel, thus satisfying general jurisdiction." (Plaintiff's Brief at 10). He asserts that this "gives [sic] a strong inference that the Defendant Teva Israel is purposely seeking to sell/market their product nationally, which ***presumably*** would include the State of New York." *Id*. (emphasis added). The Court should reject Hosain-Bhuiyan's invitation to engage in unfounded conjecture

5

and speculation. *See Wallert v. Atlan*, 141 F.Supp.3d 258, 270, 2015 WL 6459219, at *6 (S.D.N.Y. Oct. 26, 2015) (in ruling on a motion to dismiss for lack of personal jurisdiction "the Court will not draw argumentative inferences in the plaintiff's favor' and need not 'accept as true a legal conclusion couched as a factual allegation.'") (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir.2013)); *Etna Products Co., Inc. v. Dacofa Trading Co., Inc.*, No. 91 Civ. 6743 (DNE), 1992 WL 51507, at *3 (S.D.N.Y., March 11, 1992) ("Plaintiff relies on conclusory allegations, conjecture, and speculation to support its claim of jurisdiction over defendant. Such allegations, conjecture, and speculation are insufficient to establish jurisdiction.").

Moreover, Hosain-Bhuiyan's argument is foreclosed by the Supreme Court's decision in *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987), in which it held that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state" sufficient to establish a basis for asserting general jurisdiction. *Id*. at 112. The *Asahi* Court held that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Id*.

Hosain-Bhuiyan argues: "Not surprising, the defendants provide no documentary evidence that Defendant Teva Israel generates no sales within the State of New York (i.e. sales report)." (Plaintiff's Brief at 11). This argument, which would require Defendants to prove a negative, misplaces the burden in a motion to dismiss for lack of personal jurisdiction, which remains at all times with the plaintiff. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001) (when faced with a motion to dismiss for lack of personal jurisdiction, "[t]he

6

plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."); *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (same).  The Court should reject Hosain-Bhuiyan's argument, contrary to the law, that it is the defendant's burden to provide documentary evidence to prove a negative.

### IV. HOSAIN-BHUIYAN'S BRIEF DOES NOT AND CANNOT ESTABLISH A VIABLE STATUTORY CLAIM UNDER THE LABOR LAW.

As indicated in Defendants' Primary Brief, the Amended Complaint does not identify any specific Labor Law section upon which Hosain-Bhuiyan's claim is based.  Hosain-Bhuiyan tries, but fails, to rectify this problem in his Brief by listing ten different sections of Article 6 of the Labor Law and stating: "All the Defendants [and the Court] are required to do is take the allegations under the Cause of Action and then apply them to the Labor Law statute." (Plaintiff's Brief at 15).   In other words, Hosain-Bhuiyan seeks to place the burden on the Court and the Defendants to "take the allegations" and figure out which statutes might apply. He then argues: "It is submitted that the following Labor Law listed sections that *might* arguably apply are Labor Law 191 and 193. . . Defendants [sic] failure to pay earned compensation to the Plaintiff *may* constitute a violation of Labor Law 191(3)" and "failing to pay earned compensation *may* constitute an unlawful deduction under Labor Law § 193 . . ." (*Id*. at 15) (emphases added).  Hosain-Bhuiyan's argument in his Brief that his claims "might" or "may" be based on various statutes is scarcely better than his utter failure in the Amended Complaint to identify any statutes at all.

Even if Hosain-Bhuiyan did definitively identify in his Brief a specific statute upon which his claims are based, "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Lazaro v. Good Samaritan Hosp.*, 54 F.Supp.2d 180, 185

7

(S.D.N.Y. 1999) (quotation omitted). *See also Nazzaro v. Balber*, No. 05 Civ. 2172 (CSH), 2005 WL 2290205, at *8 (S.D.N.Y., Sept. 16, 2005) ("Plaintiff's theory of the case is somewhat clarified by their brief, as supplemented by the Stiene affidavit. Of course, neither document forms a part of the complaint, which for Rule 12(b)(6) analysis stands or falls alone.").

This case is analogous to *Rojas v. Don King Productions, Inc.*, No. 11 Civ. 8468 (KBF), 2012 WL 760336 (S.D.N.Y., March 6, 2012). In *Rojas*, the plaintiff alleged "an unspecified section of the Muhammed Ali Act," and the defendant sought to dismiss the claim under Rule 12(b)(6). *Id*. at *5. This Court held: "Rojas attempts to clarify the basis for his claim in his opposition brief on this motion, indicating the section of the Act that DKP is purportedly violating," but it held that "it is axiomatic that an opposition brief on a motion to dismiss cannot amend a complaint," and it dismissed the complaint *Id*.

## V. THE COURT SHOULD REJECT HOSAIN-BHUIYAN'S BASELESS ARGUMENTS IN SUPPORT OF HIS SLANDER AND LIBEL CLAIMS.

Hosain-Bhuiyn argues that he has set forth viable claims because, under New York law, "plaintiffs must plead only negligence," and he cites *Enigma Software Grp. USA, LLVC v. Bleeping Comput. LLC*, 194 F.Supp.3d 263 (S.D.N.Y. 2016). This argument is a red herring, as *Enigma Software* is entirely inapposite.

*Enigma Software* involved an allegation that the plaintiff was a public figure, and, therefore, the defendant had to plead "the heightened level of fault corresponding to that status." *Id*. at 287. Here, Defendants do not argue that Hosain-Bhuiyan must meet a heightened pleading standard. Rather, Defendants explained that Hosain-Bhuiyan's allegations *are not sufficient to show malice* as required to overcome the qualified privilege – an entirely different issue.

8

Hosain-Bhuiyan also argues that "it cannot be determined if a qualified privilege exists in this case because the Defendant Mikalic has failed to fully identify the parties that he disclosed his findings in his final report in order to determine if there was a 'common interest' concerning the performance of the Plaintiff's employ."[4] (Plaintiff's Brief at 22).  There are at least two problems with this argument.  First, Hosain-Bhuiyan seeks to place the burden on Mikalic to establish that his alleged statements were published and, if they were, to whom.  It is well-settled that a plaintiff asserting a defamation claim must plead the element of "publication" in the complaint.  *See, e.g.*, *DiLacio v. New York City Dist. Council of United Broth. of Carpenters & Joiners of America*, 80 A.D.3d 553 914 N.Y.S.2d 309 (N.Y. Sup. Ct. App. Div. 2011); *Hochberg v. Nissen*, 180 A.D.2d 435, 580 N.Y.S.2d 12 (N.Y. Sup. Ct. App. Div. 1992).

Second, Hosain-Bhuiyan's argument, taken to its logical conclusion, is that no defamation claim may be dismissed under Rule 12(b)(6) based on the existence of the qualified privilege because such privilege, he argues, may only be established through discovery.  This argument is belied by the many cases in which this Court has dismissed defamation claims under Rule 12(b)(6) on that very basis.  *See*, *e.g.*, *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F.Supp.2d 405, 415 (S.D.N.Y. 2009); *Thai v. Cayre Group, Ltd.*, 726 F.Supp.2d 323, 335-36 (S.D.N.Y. 2010); *Chao v. Mount Sinai Hosp.*, No. 10 CV 2869(HB), 2010 WL 5222118, at *6 (S.D.N.Y., Dec. 17, 2010); *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 345 (S.D.N.Y. 2000); *Orenstein v. Figel*, 677 F.Supp.2d 706, 711 (S.D.N.Y. 2009); *Washington v. Garage Management Corp.*, No. 11 Civ. 3420(CM), 2012 WL 4336163, at *20 (S.D.N.Y., Sept. 20, 2012); *Kirkland v. City of Peekskill*, 634 F.Supp. 950, 951-52 (S.D.N.Y. 1986); *Williams v. Metro North Railroad*, 16 Civ. 1141 (LAK) (JCF), 2016 WL 4400307, at *5 (S.D.N.Y., Aug. 17,

---

[4]   It is unclear to what "the performance of Plaintiff's employ" refers.

9

2016) (Report and Recommendation, adopted at 2016 WL 5390904); *Tongring v. Bronx Community College of City University of New York System*, No. 12 Civ. 6854(ALC)(FM), 2014 WL 463616, at *7 (S.D.N.Y., Feb. 4, 2014).

## VI. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Primary Brief, Defendants respectfully ask the Court dismiss the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. If the Court declines to dismiss the Amended Complaint, Defendants move to dismiss Teva Israel pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

/s/ Bradley L. Mitchell

Date: March 15, 2017

_____
Bradley L. Mitchell
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500
blm@stevenslee.com
*Attorneys for Defendants*