UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MOHAMMED DAUD HOSAIN-BHUIYAN,  :
        Plaintiff, :
: **OPINION AND ORDER**
v. :
: 17 CV 114 (VB)
BARR LABORATORIES, INC., TEVA :
PHARMACEUTICALS USA, INC., TEVA :
PHARMACEUTICAL INDUSTRIES, LTD., :
and JAMES MIKALIC, :
        Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Mohammed Daud Hosain-Bhuiyan brings this action against Barr Laboratories, Inc. ("Barr"); Teva Pharmaceuticals, USA, Inc. ("Teva USA"); Teva Pharmaceutical Industries, Ltd. ("Teva Global"); and James Mikalic, claiming New York Labor Law ("NYLL") violations and defamation.

    Now pending is defendants' motion to dismiss the amended complaint. (Doc. #21).

    For the reasons set forth below, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## BACKGROUND

    The amended complaint contains the following alleged facts, which are accepted as true for the purpose of deciding the pending motion.

    In 1998, plaintiff became Barr's employee, working in the manufacturing department of Barr's Pomona, New York, location. In 2008, Teva Global acquired Barr, and Teva Global remains Barr's parent company. At all relevant times, plaintiff was an employee of Barr and/or Teva USA. As a result of plaintiff's good work and favorable reviews, plaintiff received pay increases, bonuses, and promotion to Associate Director of Manufacturing and Operations.

1

Between February and June 2015, Teva Global purchased branded pharmaceuticals from Suffern Pharmacy to develop generic versions of the drugs.

Plaintiff had a twenty-five percent shareholder interest in Suffern Pharmacy. Plaintiff claims his "supervisor was well aware that the Plaintiff owned Suffern Pharmacy" (Am. Compl. ¶ 25), and that his ownership of Suffern Pharmacy was "widely known throughout Teva." (Id. at 2). Plaintiff does not allege the means by which he disclosed his interest in Suffern Pharmacy or the policies and procedures by which employees were to make such disclosures.

Plaintiff's yearly review for 2015 was conducted around February 2016, and "generally concluded that the Plaintiff 'meets' expectations." (Am. Compl. ¶ 16). Because of this review and his department's success, plaintiff was allegedly entitled to a two percent pay increase for 2016 and a bonus of twenty percent of his total salary for 2015.

On February 23, 2016, Elaine Lakis, Barr's Associate Director of Human Resources, held a meeting with plaintiff and defendant James Mikalic, a Global Compliance Investigator in Teva USA's Office of Business Integrity. During this meeting, Mikalic stated plaintiff violated Teva policy by failing to disclose his interest in Suffern Pharmacy. Plaintiff alleges that Lakis immediately suspended plaintiff and officially terminated him on February 26, 2016, as a result of Mikalic's statements. Plaintiff alleges defendants failed to pay him his earned compensation in the form of his raise for 2016, his bonus for 2015, and other compensation.

Mikalic drafted a report regarding his investigation into plaintiff's alleged wrongdoing (the "Final Report"), which Teva USA "published and circulated" to Teva Global, Barr, and a contractor in March 2016. (Id. ¶ 44). Plaintiff alleges the Final Report contains false accusations substantially the same as those Mikalic stated during the February 23, 2016, meeting.

Plaintiff alleges the statements made during the February 23, 2016, meeting and in the Final Report were "knowingly false and . . . otherwise fabricated by . . . Mikalic." (Am. Compl. ¶ 25). Plaintiff supports these conclusions by alleging "Mikalic failed to communicate with the Plaintiff's supervisor to confirm whether or not the Plaintiff had ever disclosed his ownership of Suffern Pharmacy and in what manner." (Id.). Plaintiff also alleges Mikalic knew his statements were "false since there was substantial that evidence [sic] all prices [Teva Global paid to Suffern Pharmacy] were negotiated at arm's length and resulted [in] competitive prices." (Id. ¶ 28). Plaintiff also alleges "Mikalic knew that the Final Report's conclusions and findings were materially false because the Plaintiff, through his company Suffern Pharmacy, properly applied as a vendor and was stamped approved by Teva's Legal Department and was fully transparent." (Id. ¶ 48). Plaintiff does not allege how Mikalic knew this information.

## DISCUSSION

I. Legal Standards

    A.    Personal Jurisdiction

"Where a defendant moves for dismissal under Rules 12(b)(2) . . . and (6), the Court must first address the preliminary questions of service and personal jurisdiction." Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007) (internal citations omitted).

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over [each] defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Prior to conducting discovery, plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations of jurisdiction." Ball v. Matallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). A plaintiff can also make this showing through his own affidavits and supporting

materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over a defendant. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

  B. <u>Failure to State a Claim</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.

II. <u>Personal Jurisdiction Over Teva Global</u>

Teva Global argues it must be dismissed for lack of personal jurisdiction.

The Court agrees.

Plaintiff first argues Teva Global waived this defense because it was not raised in Teva Global's answer to the original complaint, but instead in a motion filed after the answer.

4

Plaintiff is wrong.

Where, as here, a defendant files a motion to dismiss simultaneously with an answer, the asserted bases for dismissal are not waived. See, e.g., Beary v. W. Publ'g Co., 763 F.2d 66, 68 (2d Cir. 1985) ("Although [Rule] 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer."); 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1361 (3d ed. 2004) ("[S]hould the defendant file a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus having been interposed in timely fashion.").

Turning to the merits of Teva Global's argument, "a court may exercise two types of personal jurisdiction over a corporate defendant properly served with process. These are specific (also called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction."[1] Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016).

Plaintiff's only asserted basis for personal jurisdiction is general personal jurisdiction.

Plaintiff argues Teva Global has sufficient "minimum contacts" under International Shoe v. State of Washington, 326 U.S. 310 (1945), to subject Teva Global to general personal jurisdiction in New York because Teva Global holds many United States patents and because Teva Global may generate millions of dollars in revenue in New York.

This is plainly wrong.

"A court may assert general jurisdiction over [a] foreign (sister-state or foreign-country) corporation[] to hear any and all claims against [the corporation] when [the corporation's]

---

[1] Teva Global also contests the adequacy of service of process. Because personal jurisdiction does not exist, the Court need not address this independent argument for dismissal.

affiliations with the State are so 'continuous and systematic' to render [it] essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citing International Shoe v. State of Washington, 326 U.S. at 317). "[T]he general jurisdiction inquiry 'is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic,' but rather . . . 'whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum.'" Brown v. Lockheed Martin Corp., 814 F.3d at 627 (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014)). A corporation is "essentially at home" in the state of incorporation and the state of its principal place of business. Daimler AG v. Bauman, 134 S. Ct. 760–61. Only in a "truly exceptional case" may "another jurisdiction . . . exercise such sweeping powers as the use of its adjudicatory authority to decide matters unrelated to its citizens or to affairs within its borders." Brown v. Lockheed Martin Corp., 814 F.3d at 627 (internal quotation marks omitted).

Teva Global is incorporated under the laws of the State of Israel, where it maintains its principal place of business, and neither Teva Global's United States patents (having nothing to do with New York) nor the possibility of substantial sales in New York render this a "truly exceptional case."

Plaintiff argues that, "based on the jurisdictional issue raised, the Plaintiff would intend to seek discovery on identifying the Teva company that is generating sales and have [sic] a presence within the State of New York." (Pl.'s Opp'n at 11). But neither Teva Global's sales nor its "presence" in New York would be sufficient to subject Teva Global to general personal jurisdiction in New York, and therefore there is no reason to permit discovery on the issue.

Accordingly, Teva Global is dismissed for lack of personal jurisdiction.

III.　Plaintiff's Claims

Plaintiff asserts three claims against the remaining defendants: violations of the NYLL against Teva USA and Barr, and defamation in the form of slander per se and libel per se against Teva USA and Mikalic.  Defendants move to dismiss all three claims.

　　A.　NYLL Claim

Defendants argue plaintiff's NYLL claim should be dismissed because the amended complaint fails to identify a substantive provision of the NYLL that defendants allegedly violated.  Defendants argue Section 198 provides only remedies for violations of other substantive sections of Article 6 of the NYLL, and the "failure to identify the nature of and basis for his claims violates Federal Rule of Civil Procedure 8(a)(2) because Defendants are unable to prepare a defense."  (Defs.' Br. at 7).

The Court disagrees.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Under the liberal pleading principles [of] Rule 8 . . . , in ruling on a 12(b)(6) motion 'the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.  Factual allegations alone are what matters.'"  Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)) abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); see also Skinner v. Switzer, 562 U.S. 521, 530 (2011) ("[Plaintiff's] complaint is not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory.  Rule 8(a)(2) . . . generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.").

7

Here, plaintiff labels his first cause of action as one for "Violations under Labor Law § 198 et seq.," and plaintiff alleges Teva USA and Barr denied him specific forms of earned compensation, thus entitling him to the unpaid "compensation together with an award of legal fees and statutory penalties pursuant to Labor Law § 198 1-a." (Am. Compl. at 14). This easily satisfies the requirements of Rule 8 as it articulates a short and plain statement of plaintiff's NYLL claim—namely, his allegations that Teva USA and Barr have denied him various forms of earned compensation.

B. Defamation

Plaintiff also claims Teva USA and Mikalic are liable for defamation in the form of libel and slander because of Mikalic's written and spoken statements about plaintiff.

The Court disagrees.

"To state a claim for defamation under New York Law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" Thai v. Cayre Grp., 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (quoting Gargiulo v. Forster & Garbus, Esqs., 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009)).

Defendants argue plaintiff's defamation claims must be dismissed for failing to satisfy the second element because the allegedly defamatory statements are protected by the common interest privilege, and plaintiff failed to overcome the privilege by alleging malice.

"With regard to the second element of a defamation claim, New York recognizes a qualified common interest privilege when the allegedly defamatory statement is made between persons who share a common interest in the subject matter." Thai v. Cayre Grp., 726 F. Supp. 2d

8

at 330. The privilege protects, among other communications, those between employees and agents of an organization. See Liberman v. Gelstein, 80 N.Y.2d 429, 437 (1992). "The rationale for applying the privilege in these circumstances is that so long as the privilege is not abused, the flow of information between persons sharing a common interest should not be impeded." Id.

Plaintiff argues the common interest privilege does not apply because Mikalic has not identified all parties to whom he disclosed his report. However, it is plaintiff's burden to plead a valid defamation claim, including an unauthorized and unprivileged publication. Because Mikalic made the allegedly defamatory statements only to a fellow employee and a Teva contractor during the course of an investigation into suspected violations of Teva policy, there is no doubt the common interest privilege applies. See, e.g., Albert v. Loksen, 239 F.3d 256, 272 (2d Cir. 2001) ("Communications by supervisors or co-workers made in connection with the evaluation of an employee's performance, including allegations of employee misconduct and communications regarding the reasons for an employee's discharge, fall within the privilege.").

Where the common interest privilege applies, a plaintiff can survive a Rule 12(b)(6) motion to dismiss by alleging the publisher acted with common law or constitutional malice. Thai v. Cayre Grp., 726 F. Supp. 2d at 330. "Common-law malice means spite or ill will, and will defeat the privilege only if it is the one and only cause for the publication," whereas, "[c]onstitutional or actual malice means publication with [a] high degree of awareness of the publication's probable falsity or while the defendant in fact entertained serious doubts as to the truth of the publication." Id. (quoting Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 98 (2d Cir. 2000) (alterations omitted)).

Plaintiff argues "there are numerous allegations contained within the amended complaint that Defendant Mikalic made defamatory statements that were knowingly false." (Pl.'s Opp'n at

9

22). However, plaintiff does not provide any citations or explanation for this assertion, and the Court's review of the amended complaint reveals only conclusory allegations that Mikalic made the allegedly defamatory statements with knowledge the statements were false. See, e.g., Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405, 415 (S.D.N.Y. 2009).

Plaintiff also argues Mikalic's "investigation of the Plaintiff was commenced in bad faith in order to use the Plaintiff as a scapegoat after the Defendant Teva USA was served with a Subpoena by the Justice Department." (Pl.'s Opp'n at 20). This argument is nonsensical. There is no allegation of any defamatory statements published to the Department of Justice, and it is unclear how wrongfully accusing an employee of ethical violations would benefit the employer.

Accordingly, because the amended complaint fails to provide factual support for its conclusion that any defendant acted maliciously and fails to provide any logical basis to conclude Teva USA and Mikalic would be interested in maliciously making the allegedly defamatory statements, plaintiff's defamation claims must be dismissed for failure to state a claim. See, e.g., Orenstein v. Figel, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009).

**CONCLUSION**

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

All claims against Teva Global and Mikalic are dismissed. The only remaining claim is the first cause of action for NYLL violations against Teva USA and Barr.

The Clerk is instructed to terminate the motion. (Doc. #21). The Clerk is further instructed to terminate defendants Teva Pharmaceutical Industries, Ltd., and James Mikalic.

Dated: September 13, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge